*E-Filed 03/17/2010*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROGER MAX KELLER, | No. C 10-0960 RS (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE;** |
| v. | **GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS;** |
| B. CURRY, Warden, | |
| Respondent. | **DENYING MOTION FOR THE APPOINTMENT OF COUNSEL** |

## INTRODUCTION

Petitioner Roger Max Keller, a state prisoner at Soledad State Prison, filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the petition, petitioner was convicted in 1989 of second degree murder, and was sentenced to fifteen years to life. In December 2008, the Board of Parole Hearings found petitioner unsuitable for parole. In response to the Board's decision petitioner sought, and was later denied, state habeas relief. This federal habeas petition followed.

No. C 10-0960 RS (PR)
ORDER TO SHOW CAUSE

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that the Board's decision violated his right to due process because (1) it was not supported by some evidence of petitioner's current dangerousness; (2) the Board relied again on the unchanging factors of the commitment offense; and (3) petitioner has served in excess of the term set by California's sentencing matrix. Liberally construed, the claims appear to be cognizable in a federal habeas action.

**MOTIONS**

Petitioner has requested to proceed *in forma pauperis*, and has filed a completed application for such status. (*See* Docket No. 3.) Good cause appearing therefor, petitioner's motion to proceed *in forma pauperis* is GRANTED.

Petitioner also moves for the appointment of counsel. (*See* Pet., App. A at 17.) There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional

No. C 10-0960 RS (PR)
ORDER TO SHOW CAUSE                    2

circumstances are present. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994). Petitioner has not shown that there are exceptional circumstances warranting appointment of counsel. Accordingly, petitioner's motion is DENIED.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

No. C 10-0960 RS (PR)
ORDER TO SHOW CAUSE                    3

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to proceed *in forma pauperis* is GRANTED. Petitioner's motion for the appointment of counsel is DENIED.

**IT IS SO ORDERED**.

DATED: March 17, 2010

RICHARD SEEBORG
United States District Judge

No. C 10-0960 RS (PR)
ORDER TO SHOW CAUSE                 4

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Roger Max Keller
Prisoner Id. # E26344
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

DATED: 03/17/2010

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

No. C 10-0960 RS (PR)
ORDER TO SHOW CAUSE                5