*E-Filed 7/9/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROGER MAX KELLER, | No. C 10-0960 RS (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| B. CURRY, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

## BACKGROUND

In 1989, an Orange County Superior Court jury convicted petitioner of second degree murder. The trial court sentenced petitioner to fifteen years to life. In 2008, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole on grounds that he "would pose an unreasonable risk of danger to society and or a threat to public safety if released from prison." (Ans., Ex. 1 at 32.) In response to the Board's decision, petitioner sought, though was denied, relief on state collateral review. (Pet. at 4–5.) This federal habeas petition

followed.

In reaching its decision, the Board considered the facts of the commitment offense. In 1987, petitioner strangled to death a twenty-four year old woman, Alisa Gardiola, after having had sex with her, and then dumped her nude corpse in a park. (Ans., Ex. 1 at 32–33).

In addition to the circumstances of the commitment offense, the Board cited as factors in its decision petitioner's social history, his psychological report, and his behavior in prison. Petitioner's social history includes "problematic relationships" with his wives. Petitioner admitted violating a retraining order his second wife had obtained out of concern for her safety. (*Id*. at 32.) Petitioner has admitted and then later denied that he physically abused either of his wives. (*Id*. at 22.) Petitioner also had a poor work history in that he had a difficult time getting along with co-workers, as exemplified by petitioner's death threats against them. (*Id*. at 33.)

Petitioner's 2009 psychological report was not favorable. Assessed as presenting a "moderate" risk of future violence,[1] petitioner "was unable to express any understanding regarding what led [him] to commit the crime and what steps he would need to take to prevent a similar act in the future." (*Id*. at 18.) "Without understanding what led to the commission of the crime," the report went on to say, "he will not be able to outline a plan for the future designed to prevent a similar act from occurring." (*Id*. at 21.) Petitioner has indicated that he was angry with the victim before he killed her, but he does not know why he was angry. (*Id*. at 23.)

As for his institutional behavior, petitioner received a citation for disruptive behavior against a correctional officer in 2007, which occurred after his last parole hearing. (*Id*. at 35, 38.) While in prison, petitioner has received seven citations for serious misbehavior, and

---

[1] Petitioner's attorney asserted that the 2009 psychological evaluation was not reliable because it was based on an inaccurate diagnosis of petitioner as having anti-social personality disorder. (*Id*. at 26.) In its decision denying parole, the Board noted those objections, but stated that "there was sufficient other elements considered by the doctor aside from the issue of the anti-personality disorder." (*Id*. at 35.)

three for minor infractions. (*Id*.) In light of all these factors, the Board concluded that petitioner posed an unreasonable threat to public safety and denied him parole. (*Id*. at 32.)

As grounds for federal habeas relief, petitioner alleges that the Board's decision violated his right to due process because (1) it was not supported by some evidence of petitioner's current dangerousness; (2) the Board relied again on the unchanging factors of the commitment offense; and (3) petitioner has served in excess of the term set by California's sentencing matrix.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

*Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

Petitioner claims that the Board's decision violated his right to due process because it was not based on "some evidence" that he currently poses an unreasonable risk to public safety. Due process requires that the Board's decision to deny a California prisoner parole be supported by "some evidence" of current dangerousness. *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *see also Pearson v. Muntz*, No. 08-55728, 2010 WL -- (9th Cir. May 24, 2010) (per curium). Accordingly, in reviewing federal habeas claims that a California prisoner was denied parole in violation of due process, courts must "decide whether the California judicial decision approving the governor's [or the parole board's] decision rejecting parole was an "unreasonable application" of the California "some evidence" requirement, or was "based on an unreasonable determination of the facts in light of the evidence." *Hayward*, 604 F.3d at 562–63.

The commitment offense alone does not always provide evidence that a petitioner poses a current threat to public safety. *Id*. at 562. The offense does not establish current dangerousness "unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state" supports an inference of dangerousness. *Id*., citing *In re Lawrence*, 44 Cal. 4th 1181, 1214 (Cal. 2008).

Here, the record shows that there was "some evidence" to support the state court's approval of the Board's parole denial. First, the circumstances surrounding the commitment offenses suggest that petitioner can behave violently, and lacks sufficient self-control and self-understanding. Second, the record establishes that petitioner's pre- and post-conviction history supports an inference of current dangerousness — in particular his turbulent marriage history, his 2009 psychological evaluation, and his 2007 citation for serious misbehavior. While a rating of "moderate" is not conclusively prohibitive, it does constitute some

evidence of current dangerousness in addition to the commitment offense, as does petitioner's 2007 citation for disruptive behavior. *See Hayward*, 603 F.3d at 570–71 (Berzon, J., concurring).

Turning to the instant matter, it is reasonable to infer from this record of past and recent violence and misbehavior that, if released, petitioner currently poses an unreasonable risk of danger to society, or a threat to public safety. Because the Board's decision is supported by sufficient evidence in the record, including circumstances other than those of the commitment offense, petitioner's claim that the Board's decision was unsupported by "some evidence," or was based solely on the circumstances of the commitment offense, or otherwise violated his right to due process, is without merit. Accordingly, petitioner's claims that the Board's decision was not supported by some evidence, and that the Board relied solely on the unchanging circumstances of the commitment offense are DENIED.

Petitioner's contention that he has served a sentence in excess of the term set by California's sentencing matrix is without merit. The Board is under no duty to use the matrix once it has determined that a prisoner is unsuitable for parole. *In Re Dannenberg*, 34 Cal. 4th 1069, 1071 (2005). This claim is DENIED.

In sum, the state court's approval of the Board's decision, therefore, was not an "unreasonable application" of the California "some evidence" requirement, nor was it "based on an unreasonable determination of the facts in light of the evidence."

**CONCLUSION**

The state court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's motion to proceed *in forma pauperis* (Docket No. 6) is DENIED as moot. The Court granted petitioner leave to proceed *in forma pauperis* prior to petitioner's filing his motion.

This order terminates Docket No. 6.

The Clerk shall enter judgment in favor of respondent, terminate the pending motion, and close the file.

**IT IS SO ORDERED**.

DATED: July 8, 2010

RICHARD SEEBORG
United States District Judge